UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>Human Resource Development Services, Inc., a corporation, also d/b/a Saint James School of Medicine and HRDS,<br><br>Delta Financial Solutions, Inc., a corporation, and<br><br>KAUSHIK GUHA, individually and as an officer of Human Resource Development Services, Inc. also d/b/a Saint James School of Medicine,<br><br>    Defendants. | Case No. 1:22-cv-1919<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

    Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for a permanent injunction, monetary relief, and other relief in this matter ("Complaint"), pursuant to Sections 13(b), 19, and 16(a)(1) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b, and 56(a)(1). Defendants have waived service of the summons and the Complaint. Plaintiff and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

    THEREFORE, IT IS ORDERED as follows:

1

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, the FTC's Telemarketing Sales Rule (the "TSR"), as amended, 16 C.F.R. Part 310, the Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses ("Holder Rule"), 16 C.F.R. Part 433; and the FTC's Trade Regulation Rule Concerning Credit Practices ("Credit Practices Rule"), 16 C.F.R. § 444, in their marketing of educational services.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive and release any claims they may have against Plaintiff and the Commission that relate to this action. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A. "**Competent and Reliable Evidence**" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that have been conducted and evaluated in an objective manner by qualified persons, using procedures generally accepted

in the profession to yield accurate and reliable results.

B.     "**Covered Consumer Debt**" means debt owed to Corporate Defendants by any person who first enrolled in Saint James School of Medicine during the period starting April 1, 2016 and ending the date this Order is entered, that Defendants could collect, recall, purchase, or otherwise obtain, including all unpaid interest and fees related to that debt, whether possessed by Defendants or referred, sold, assigned, or otherwise transferred to any collection agency or other party.

C.     "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

   1.     "**Corporate Defendants**" means Human Resource Development Services, Inc., also d/b/a Saint James School of Medicine and HRDS, and Delta Financial Solutions, Inc., and their successors and assigns.

   2.     "**Individual Defendant**" means Kaushik Guha.

D.     "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

### I. PROHIBITED REPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or sale of any educational product or service are

3

permanently restrained and enjoined from:

A. making any misrepresentation, expressly or by implication, including:

    1. Regarding academic prospects, including the likelihood of passing any step of the United States Medical Licensing Exam ("USMLE") or any standardized test for medical licensing;

    2. Regarding employment, hiring, or career prospects, including the likelihood of obtaining residency matches; or

    3. Regarding any other fact material to consumers concerning any such product or service including the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

B. making any representation, or assisting others in making any representation, expressly or by implication, about the benefit or outcome of any such product or service, including any representation enumerated in Section I.A, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon Competent and Reliable Evidence that is sufficient in quality and quantity to substantiate that the representation is true.

## II. PROHIBITIONS ON TELEMARKETING

IT IS FURTHER ORDERED that Defendants and Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Telemarketing, are permanently restrained and enjoined from violating the TSR, 16 C.F.R. Part 310, a copy of which is attached to this Order as Attachment A, regardless of whether there are face-to-face interactions.

### III. INJUNCTION CONCERNING THE HOLDER RULE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale or lease of goods or services to consumers, are hereby permanently restrained and enjoined from:

A.  Taking or receiving a consumer credit contract unless the contract contains, in at least ten point and bold face type, the Holder Notice attached to this Order as Attachment B.

B.  Accepting the proceeds of any purchase money loan unless any consumer credit contract made in connection with such purchase money loan contains, in at least ten point and bold face type, the Holder Notice attached to this Order as Attachment C.

C.  Selling, transferring, or assigning any consumer credit contract, unless:

  1.  The recipient of such consumer credit contract agrees, in the writing memorializing the assignment, that its rights are subject to the borrowers' claims and defenses against Defendants; and

  2.  Each borrower whose contract is sold, transferred, or assigned is given notice within five (5) days after the sale, transfer, or assignment that the borrowers' note has been assigned and the borrowers' obligation to pay is subject to the borrowers' claims and defenses against Defendants.

D.  Violating any provision of the Holder Rule, 16 C.F.R. § 433, appended to this Order as Attachment D.

### IV. PROHIBITION AGAINST VIOLATING THE CREDIT PRACTICES RULE

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the extension of credit to consumers, are permanently restrained and enjoined from:

A. Extending credit to a consumer unless the Notice to Cosigner Disclosure, attached to this order as Attachment E, has been given to the cosigner prior to becoming obligated. This Notice must be provided to the cosigner as a separate document that contains the statements in Attachment E and no other.

B. Violating any other provision of the Credit Practices Rule, 16 C.F.R. § 444, appended to this Order as Attachment F.

### V. JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that:

A. Judgment in the amount of One Million Two Hundred Seven Thousand Four Hundred Fifty-Seven Dollars ($1,207,457) is entered in favor of the Commission against Defendants, jointly and severally, as monetary relief. The judgment consists of:

1. Payment of Eight Hundred Fifty Thousand Dollars ($850,000) to the Commission.

a) Defendants are ordered to pay to the Commission Eight Hundred Fifty Thousand Dollars ($850,000), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions

6

previously provided by a representative of the Commission.

2. Ceased collection of a minimum of Three Hundred Fifty-Seven Thousand Four Hundred Fifty-Seven Dollars ($357,457) in Covered Consumer Debt as follows:

a) Defendants' officers, agents, employees, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently enjoined from attempting to collect, collecting, or assigning any right to collect any Covered Consumer Debt. Defendants shall not refer, sell, assign, or otherwise transfer any Covered Consumer Debt.

b) Within 10 business days after entry of this Order, Defendants shall cease collecting on all Covered Consumer Debt and notify any collection agency or other third party collecting Covered Consumer Debt to cease such collection efforts. Within 60 business days after entry of this Order, Defendants shall (1) recall, purchase, or otherwise obtain any Covered Consumer Debt that Defendants have referred, sold, assigned, or otherwise transferred to any collection agency or other third party, and (2) clear all Covered Consumer Debt from Defendants' financial systems.

c) For any Covered Consumer Debt that has been reported to a Consumer Reporting Agency ("CRA"), Defendants shall, within 10 business days of clearing all Covered Consumer Debt as required by subsection A.2.b request that each CRA delete the Covered Consumer Debt from the consumer's credit reporting file.

d) To the extent Defendants receive any payments for Covered Consumer Debt after entry of this Order, Defendants shall, within 20 days of receipt or entry of this Order, refund any such payments.

e) Defendants shall, within 10 business days after entry of this Order, provide a signed declaration to the FTC attesting that they have ceased collection of Covered Consumer Debt as required by this Section V.A.2.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to the Order, such as a nondischargeability complaint in any bankruptcy case.

C. Defendants agree that any civil penalty judgment represents a civil penalty owed to the government of the United States, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendant, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the

Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such relief is to be deposited to the U.S. Treasury. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VII. CONSUMER NOTIFICATION

IT IS FURTHER ORDERED that Defendants shall:

A. Within 15 business days of entry of this Order, provide notification to each consumer with Covered Consumer Debts, using the notification provided as Attachment G to this Order. Notification shall be given: 1. By electronic mail to the most recent electronic mail address known to the Defendants; and 2. By written notice sent to the most recent address of the consumer known to the Defendants.

B. Provide the Commission, within 10 business days after providing consumer notice pursuant to subsection VIII.A., with a signed declaration identifying the name of each consumer required to be notified, including, to the extent known: (i) mailing address; (ii) email address; (iii) telephone number; (iv) the method or methods of notification; and (v) whether any electronic mail or written notice was returned undelivered.

## VIII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly failing to

provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

## IX. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. CONSUMER ACCESS TO TRANSCRIPTS

IT IS FURTHER ORDERED, that Defendants are prohibited from denying access to any transcript on the basis of any Covered Consumer Debt.

## XI. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

    1.    Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

    2.    Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest;

11

and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

E.	Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. HRDS, Inc., et al*., [X number to be filled in].

## XII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, in connection with advertising, marketing, promotion, offering for sale, or sale of any educational products or services, must create and retain the following records:

A.	accounting records showing the revenues from all goods or services sold;

B.	personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.	records of all consumer complaints and refund requests concerning the subject matter of the order, whether received directly or indirectly, such as through a third party, and any response;

D.	all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.	a copy of each unique advertisement or other marketing material.

13

## XIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendant pursuant to

Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

### XIV. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 15th day of April, 2022.**

_____
SHARON JOHNSON COLEMAN
UNITED STATES DISTRICT JUDGE